UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| VICOR CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil No. 24-10060-LTS |
| FII USA, INC. (a/k/a Foxconn Industrial Internet USA, Inc.), INGRASYS TECHNOLOGY INC., and INGRASYS TECHNOLOGY USA INC., | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

ORDER ON PLAINTIFF'S EMERGENCY MOTION FOR
TEMPORARY RESTRAINING ORDER (DOC. NO. 8)

January 19, 2024

SOROKIN, J.

Plaintiff Vicor Corporation filed this suit against Defendants FII USA, Inc., Ingrasys Technology Inc., and Ingrasys Technology USA, Inc., seeking declaratory and injunctive relief. Doc. No. 1. With its Complaint, Plaintiff filed a Motion for Preliminary Injunctive Relief, Doc. No. 4, and shortly thereafter, a Motion for Temporary Restraining Order, Doc. No. 8. The Court heard the Motion for a TRO on Friday, January 19, 2024, after expedited briefing submitted by Plaintiff and the Defendants. Doc. No. 26.

Plaintiff requests the Court enjoin Defendants from further pursuing an arbitration initiated on or about January 11, 2024, before the China International Economic and Trade Arbitration Commission ("CIETAC") in China on the grounds that Plaintiff's contract(s) with Defendants contain no arbitration provision at all or, at most, provide for arbitration in Boston, Massachusetts. See Doc. No. 8. The Court resolves this Motion by applying the familiar four-

part test for injunctive relief. See Orkin v. Albert, 557 F. Supp. 3d 252, 256 (D. Mass. 2021) (finding test for TRO to be the same as that for a preliminary injunction); Coquico, Inc. v. Rodriguez-Miranda, 562 F.3d 62, 66 (1st Cir. 2009) (stating four-part test for preliminary injunction).

Defendants sent Plaintiff various purchase orders of which most, but not all, included as a term of the order, an agreement to arbitrate any disputes in China before CIETAC. See e.g., Doc. No. 5-7 ¶ 16. There is no evidence before the Court that Plaintiff accepted these purchase orders. Rather, Plaintiff responded with Sales Order Acknowledgements ("SOAs") which, by reference, included Plaintiff's standard terms and conditions stating it "expressly conditioned" acceptance on buyer's (here the Defendants) agreement to Plaintiff's terms and conditions and no other terms and conditions. See Doc. No. 5-8 at 3; Doc. No. 5-6 ¶¶ 1-2.  This response was a counteroffer under § 2-207 of Massachusetts version of this standard UCC Provision. Mass. Gen. Laws ch. 106 § 2-207 (2023); see also U.C.C. § 2-207 (Am. L. Inst. & Unif. L. Comm'n 1977). Nothing in the record indicates that any Defendant rejected the counteroffer. The parties agree Plaintiff ultimately shipped the products ordered and Defendants paid for the products. In these circumstances, either Plaintiff's terms and conditions constitute the contract, or the parties formed a contract by their conduct, supplemented by the UCC and any terms upon which their competing forms agree. See Mass. Gen. Laws ch. 106 § 2-207(3) (2023). At this early stage, the Court need not resolve that question.

A contract to arbitrate in the United States vests primary jurisdiction over arbitration-related matters requiring judicial resolution with the United States District Courts. URS Corp. v. Lebanese Co. for the Dev. and Reconstruction of Beirut Cent. Dist. SAL, 512 F. Supp. 2d 199, 209 (S.D.N.Y. 2007) (ruling that courts in the location of the agreed upon arbitration possess

"primary jurisdiction" over the proceedings). Alternatively, in the absence of a written contract, the Court possess authority to enforce Plaintiff's rights to declaratory relief enforcing those contractual provisions that do exist, and, in this diversity case, to enjoin the parties before it from pursuing an arbitration not founded in contract.[1] Mass. Gen. Laws ch. 251 § 2(b) (2023). For these reasons, the Court finds Plaintiff has established a likelihood of success.

Plaintiff faces irreparable harm from having to proceed to arbitrate overseas when the contract between the parties either provides for arbitration in the United States or not at all and, in any event, does not provide for arbitration before CIETAC. See UBS Securities, LLC v. Voegli, 405 F. Appx. 550, 552 (2d Cir. 2011) (citing Merrill Lynch Inv. Managers v. Optibase, Ltd., 337 F.3d 125, 129 (2d Cir. 2003)). This is particularly so when the failure to appear in the arbitration proceeding before CIETAC results in a default award. Here the stakes are high as the Defendants assert their purchase orders not only require arbitration, but give rise to a license to use Plaintiff's intellectual property beyond just using the particular products purchased. Doc. No. 20 at 6.

For these reasons, the absence of countervailing considerations in the form of meaningful prejudice, and to preserve the Court's power to resolve more fully all of the issues in dispute to the extent warranted, the Court finds that the other prerequisites to the TRO satisfied. Several further points bear mention. First, the Court does not consider the implications of 28 U.S.C. § 1659 raised by Defendants for the first time at the hearing. Defendants can file a motion under that statute if warranted. Second, the Court's rulings are necessarily temporary and subject to

---

[1] In this latter scenario without a written contract, defense counsel suggests that the contract would include an agreement to arbitrate although without a provision as to whom arbitrates, e.g., CIETAC or AAA, perhaps requiring judicial resolution of that question. Doc. No. 26. In these circumstances, there is no agreement to arbitrate before CIETAC which is the dispositive issue on the TRO.

revision upon a more developed record, as well as arguments developed for a hearing on a motion for the pending preliminary injunction. See Doc. No. 4.

**Accordingly, the Court hereby enters the following Temporary Restraining Order. The Court ENJOINS each defendant as well as its agents, officers, and employees from further pursuing the arbitrations against Vicor before CIETAC that one or more of them have initiated. Each defendant shall seek a stay of the arbitrations that they have initiated against Vicor at the CIETAC pending resolution of the motion for preliminary injunctive relief. This Temporary Restraining Order shall expire upon this Court's resolution of the pending motion for a preliminary injunction.**

Defense counsel shall provide a copy of the foregoing Temporary Restraining Order to each Defendant and the appropriate officer(s) within each Defendant. No later than close of business Wednesday, January 24, 2024, the parties shall file a joint status report reporting than joint or separate positions for a prompt schedule to govern the pending motion for a preliminary injunction, as well as any other motions any party anticipates filing.

SO ORDERED.

 /s/ Leo T. Sorokin
United States District Judge